102 F.3d 73
 In re Paolo GUCCI, Debtor.
LICENSING BY PAOLO, INC., Paolo Gucci Design Studio, Ltd.
and Trackwise Sales Corporation and Orologi Paolo,
Inc., Appellants,
v.
Frank G. SINATRA, as Trustee of the Substantively
Consolidated Estates of Paolo Gucci, et al.;
Guccio Gucci, S.P.A. and Gucci America,
Incorporated, Appellees.
 Nos. 96-5138, 96-5142, 96-5144, 96-5146 and 96-3133 (mandamus).
 United States Court of Appeals,
Second Circuit.
 Dec. 24, 1996.
 
 1
 Present: KEARSE and CARDAMONE, Circuit Judges, and POLLACK, District Judge.*ORDER
 
 
 2
 Appellants Licensing by Paolo, Inc., Paolo Gucci Design Studio, Ltd., Trackwise Sales Corp., and Orologi Paolo, Inc. seek reversal of an order by the United States Bankruptcy Court for the Southern District of New York (Gallet, J.), approving the sale of bankruptcy estate assets. The sale was consummated on November 22, 1996, one day after the United States District Court for the Southern District of New York (Griesa, C.J.) affirmed the bankruptcy court's order. Appellants brought an expedited appeal to this Court, making a variety of challenges to the bankruptcy court's sale order. By order dated December 4, 1996 a panel of this Court dismissed the appeal as moot, except to the extent that the issue was whether purchaser Guccio Gucci acted in good faith as required under 11 U.S.C. § 363(m). The panel also ordered appellees not to destroy any property acquired pursuant to the sale, pending disposition of the appeal and noted that the Trustee had agreed in open court not to disburse proceeds of the sale, pending disposition of the appeal. By order filed December 13, 1996 the panel denied reconsideration, noting that an opinion would follow, and stating, inter alia, that the December 4 order dismissing claims other than that of whether Guccio Gucci was a good faith purchaser was without prejudice to any claims that might be asserted against the Trustee for sale of postpetition property, if any. Argument was heard on the undismissed portion of the appeal on December 17, 1996.
 
 
 3
 Trackwise filed for a writ of mandamus, or alternatively a writ of prohibition, directing Bankruptcy Judge Gallet to rule on a pending motion made by Trackwise in its pending bankruptcy proceeding.
 
 
 4
 Upon consideration of the parties' briefs and arguments, it is hereby ordered that the district court's order approving the sale of the bankrupt Paolo Gucci estate assets be and it hereby is affirmed, without prejudice to whatever claims might be asserted against the Trustee for sale of post-petition property, if any. An opinion explicating our analysis will follow.
 
 
 5
 It is hereby ordered that Trackwise's petition be and it hereby is denied, without prejudice to Trackwise's similar request for relief in the United States District Court for the Southern District of New York.
 
 
 
 *
 Honorable Milton Pollack, United States District Court Judge for the Southern District of New York, sitting by designation